(91 App. Div. 364.)

### FOX v. MAHONY.

(Supreme Court, Appellate Division, First Department. February 19, 1904.)

1. CONTRACT—CONSTRUCTION—SPECULATION IN REAL ESTATE—DIVISION OF PROFITS—REFUSAL OF ONE PARTY TO SELL—DAMAGES.

> Where one who takes title to realty in his own name, pursuant to an agreement by which he is to sell it and divide the profits or share the loss with another in a certain proportion, constructs apartment houses thereon, after the other person's death, which he rents, thereby rendering a sale of the land apart from such buildings impossible, the decedent's personal representative is entitled to equitable relief, charging the land with that part of the difference between the original cost, with the expense of carrying the lots, and their value when the buildings were erected, or at some other appropriate period, as corresponds to decedent's share of the profits.

Appeal from Special Term.

Action by Edward Fox, as administrator of the estate of Patrick Fox, deceased, against John J. Mahony. From a judgment dismissing the complaint after trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ..

Louis Van Doren, for appellant.

Michael H. Cardozo, for respondent.

PATTERSON, J. It appeared by the allegations of the complaint and by the proofs in this action that Patrick Fox and the defendant John J. Mahony made an agreement in December, 1892, whereby Mahony was to acquire and take title to certain real estate in Ninety-Seventh street, in the city of New York, and that, on a resale of such premises, Fox should be entitled to receive out of the proceeds of such sale 10 per centum of the profits accruing therefrom, and Mahony 90 per centum of such profits, or, in the event of a loss, Fox should suffer and

bear 10 per centum of the loss, and Mahony 90 per centum thereof. Mahony took title to the premises. Fox died in 1896. The premises were not then sold. After the death of Fox, and in or about October, 1900, Mahony, still holding the title to the premises, built and constructed thereon several apartment houses, which have been rented to various tenants. This action is brought by the personal representative of Fox, seeking not merely an accounting of the sale of the premises, but also relief based upon the failure and neglect of Mahony to sell the premises, and upon his taking them to his own account, and erecting upon them buildings of which he is ostensibly the absolute owner, and by doing which he is prevented from selling the lots independently of the buildings; thus making it impossible for him to account to the plaintiff for the proceeds of a sale thereof. The plaintiff seeks also to have either his right to profits or his liability for losses on the transaction judicially determined. At the trial the complaint was dismissed on the ground that the plaintiff had not established facts sufficient to constitute a cause of action. That ruling of the court was made upon the assumption that there was nothing in controversy between the parties except the right of the plaintiff's intestate to receive profits upon an absolute sale of the lots when actually made by the defendant Mahony.

It is true that under the form of the agreement, the evidence of which is made by the defendant himself, up to the time of the death of the plaintiff's intestate either Mahony or the plaintiff's intestate might have sold the lots, as was held by the referee on the trial of action No. 1, which involved this same contract, but related to a different piece of real estate. When the plaintiff's intestate died, the obligation of the defendant remained. In action No. 1 the referee held that, while a strict copartnership relation as to the real estate was not established between the defendant and the plaintiff's intestate, yet their rights were to be determined by the law applicable to the relation of partners; and we affirmed the judgment entered upon the referee's report. 87 App. Div. 617, 84 N. Y. Supp. 1126.

The court below in the present case seems to have regarded the plaintiff's intestate's right as consisting only in his being entitled to profit if and when à sale were actually made; ignoring altogether the alternative duty of the defendant to sell the lots, or to maintain them in such a shape that they might be sold, and the rights of the respective parties be determined and adjusted. The plaintiff, in the complaint, states facts showing that the defendant has made it, by his own act, impossible to sell the lots. He has taken them over to himself, and built upon them expensive houses. Thus having rendered it impossible to sell the lots independently, the defendant seems to claim that the representative of Fox is not entitled to any relief at all. In other words, by his own act the defendant has confiscated and appropriated to himself the interest which the plaintiff's intestate had in and to whatever, if anything, might have been the profits of a sale of these lots.

It seems to be clear that the plaintiff, as the personal representative of his intestate, has no action at law, and that the allegations of the complaint and the proofs are sufficient to entitle him to some relief, which, although it does not consist in an account of profits of the sale of the lots, does consist in the right to charge upon the land such an

amount, if any, not exceeding 10 per centum of the difference between the original cost and the expenses of carrying the lots, and their value when the defendant put them in such a situation that they could not be sold under the terms of the arrangement which the defendant shows was made between the plaintiff's intestate and himself, or their value at any other appropriate period.

Without now determining to what extent that relief may be afforded, it is sufficient to say that the complaint was improperly dismissed, and that the judgment should be reversed, and a new trial should be ordered, with costs to appellant to abide the event.   All concur.